**BRIAN T. DUNN, ESQ (SBN 176502)**
Email: bdunn@cochranfirm.com
**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual; M.S., a minor, by and through her Guardian Ad Litem, Lashaunda Everage,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a municipal entity, and DOES 1 through 50, Inclusive,<br><br>Defendants. | **Case No.:**<br>**COMPLAINT FOR DAMAGES**<br><br>1. **Violations of Civil Rights [42 U.S.C § 1983](Based on Unreasonable Search and Seizure of Person)**<br><br>2. **Battery (Cal. Government Code §§ 815.2(a); Cal. Civil Code § 43)**<br><br>3. **Negligence and Negligent Infliction of Emotional Distress**<br><br>4. **Intentional Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C § 1983 and 28 U.S.C § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. At all relevant times mentioned herein, Plaintiff JANE DOE was and is a resident of the County of Los Angeles and the State of California.

4. At all relevant times mentioned herein, Plaintiff M.S., a minor, by and through her Guardian Ad Litem, Lashaunda Everage, was and is a resident of the County of Los Angeles and the State of California. Plaintiff M.S. is the birth daughter of Plaintiff JANE DOE.

5. Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

6. Plaintiffs are informed, believe, and thereon allege that the heretofore unknown Defendant DOE Deputies are, and at all relevant times mentioned herein were, residents of the County of Los Angeles and State of California. Plaintiffs are further informed and believe, and thereon allege, that at all times relevant to the acts and omissions herein alleged, the heretofore unknown Defendant DOE Deputies were sheriff's deputies employed by the Defendant COUNTY and the Los Angeles County Sheriff's Department and were acting under the color of state law and in the course and scope of their employment with the Defendant COUNTY and the Los Angeles County Sheriff's Department.

7.     On or around August 9, 2019, a timely Claim for Damages was submitted to the County of Los Angeles, in a substantial compliance with California Government Code § 910, et seq. As of the date of the filing of this Complaint, said Claim has been rejected.

8.     Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed, believe and allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, carless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, carless, deliberately indifference, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or beach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

9.     Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of the other co-Defendants.

10.    Each of the individual Defendants sued herein is sued both in their individual and personal capacities, as well as in his or her official capacities.

# FACTS COMMON TO ALL CAUSES OF ACTION

11. This Complaint arises out the unconstitutional and unreasonable execution of a search warrant (hereinafter "Warrant"). On or around July 25, 2019, between the approximate hours of 11:00 a.m. and 12:00 p.m., on or around a residential property located at 1542 Sutherland Street, in the City of Lancaster, County of Los Angeles, and State of California, heretofore unknown deputies employed by and acting in the course and scope of their employment with the Los Angeles County Sheriff's Department, executed a search warrant on the subject residence.

12. Present at the home during the execution of this warrant were JANE DOE, and minor M.S., who is JANE DOE'S birth daughter, both of whom were not associated with any criminal wrongdoing and were not the subject of the warrant. During the execution of the subject warrant, multiple male Defendant DOE Deputies armed with firearms, assault rifles, and shotguns, violently gained entry into the residence without the consent of Plaintiff DOE or the consent of any other person, and without announcing their presence in a manner reasonably calculated to ensure the compliance of persons present in the residence. In gaining entry as described herein, multiple Defendant male DOE Deputies breached and broke the locks of the outer door with a battering ram. Upon gaining entry, said male Defendant male DOE Deputies violently confronted Plaintiff JANE DOE with firearms drawn, without having probable cause or reasonable suspicion to believe that JANE DOE had committed a crime, or would commit a crime in the future.

13. When Defendant male DOE Deputies confronted JANE DOE as described herein, she was in the immediate presence of her birth daughter M.S. and JANE DOE was completely nude, and not in possession of any kind of weapon. When Defendant male DOE Deputies confronted JANE DOE, as described herein, she was plainly and obliviously exhibiting signs of being on her menstrual cycle,

and clearly communicated this fact to the male Defendant male DOE Deputies immediately after they gained entry into the interior of the subject residence. Defendant male DOE Deputies proceeded to detain JANE DOE by violently restraining her, handcuffing her, and escorting JANE DOE out of the subject residence and onto the public street area without securing, or allowing JANE DOE to secure sufficient clothing, protective outer wear, or feminine hygiene products, which would have adequately served to cover her nude body and/or contain the flow of her menstrual bleeding.

14. Prior to exiting the residence, Defendant male DOE Deputies used unreasonable force against JANE DOE by intentionally brandishing their firearms in unreasonable manner at her, and deploying handcuffs on JANE DOE in an unreasonable manner that constituted excessive force, notwithstanding the fact that JANE DOE was not armed with any kind of weapon, was not the subject of the warrant, had committed no crime, and was not under suspicion for the commission of any crime, and plainly and obviously did not pose a threat of violence to any person.

15. While Plaintiff JANE DOE was unclothed, and visibly nude, she was led outside the residence and onto a public area while handcuffed and visibly bleeding from her menstrual cycle. Defendant male DOE Deputies further used unreasonable force against JANE DOE by lying her down in prone position while handcuffed, visibly naked, and visibly bleeding from her menstrual cycle during broad daylight, and in the presence of multiple male Defendant male DOE Deputies, other residents, and passersby. These acts were undertaken in the immediate presence of JANE DOE'S birth daughter, minor M.S., causing JANE DOE and M.C. to suffer severe emotional distress upon witnessing these events. Defendant male DOE Deputies then proceeded to use excessive and unreasonable force by unreasonably hobbling Plaintiff JANE DOE's legs while she lay in a prone

position while excessively and unreasonably handcuffed, visibly naked, and visibly bleeding from her menstrual cycle in broad daylight, and in the presence of multiple male Defendant DOE Deputies, other residents, and passersby. Thereafter, Defendant male DOE Deputies conducted, or caused to be conducted, an unreasonable and unconstitutional strip search of JANE DOE, while she remained unreasonably restrained in a police vehicle, in contravention of the Fourth Amendment to the United States Constitution, and the applicable provisions of *California Penal Code* §4030., among other provisions of the United States Constitution and California Statues.

16.  Plaintiff JANE DOE suffered further constitutional deprivations arising out of being unjustifiably transported to the Sheriff's station, where she was again unjustifiably imprisoned, and detained.

17.  As a direct and proximate result of being unreasonably restrained as described herein, JANE DOE suffered physical injuries that required immediate and extensive medical treatment, and extreme emotional distress.

18.  At all times relevant to the events described herein, the involved male Defendant DOE Deputies deliberately failed to undertake any reasonable efforts to secure the presence of a female deputy in direct contravention of the polices of the Los Angeles County Sheriff's Department and the stands of reasonable care within the law enforcement community.

19.  At all times relevant to the events described herein, Defendant DOE Deputies further effected an unreasonable detention of minor Plaintiff M.S. in the immediate presence of her close family members, including Plaintiff JANE DOE and Plaintiff minor. When Defendant DOE Deputies detained M.S., as described herein, she was unarmed, not in possession of anything resembling a weapon, not the subject of the warrant, and not posing any form of threat to any Defendant Deputy, nor to any other person. When Defendant DOE Deputies detained minor

Plaintiff M.S., as described herein, she was in her underwear, and visibly detained her outside the residence in a publicly viewable area, and in the immediate presence of other deputies, other residents, and passersby.

20. Both prior to and during the time in which Plaintiffs were unreasonably detained as described herein, Plaintiffs were not armed with any kind of weapon, and posed no threat of violence to the Defendant DOE Deputies who detained them, made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that they were armed with any kind of weapon, or had the will, or the ability, to physically harm any person. Both prior to and during the time in which Plaintiffs were unreasonably detained as described herein, Defendant DOE Deputies acted with deliberate indifference to the rights and safety of all Plaintiffs, and acted with a purpose to harm unrelated to any legitimate law enforcement objective.

## FOR THE FIRST CAUSE OF ACTION
### (By PLAINTIFF JANE DOE Against DEFENDANT DOES 1 through 50 for Civil Rights Violations [42 U.S.C § 1983]
### (Based on Unreasonable Search and Seizure of Person)

21. Plaintiff JANE DOE incorporates by reference the foregoing allegations.

22. This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, privileges, and immunities secured to JANE DOE by the Fourth Amendment to the United States Constitution.

23. Plaintiff is informed, believes, and hereon alleges that at all times mentioned herein, the Defendant COUNTY employed the individual Defendants named herein, including the heretofore unknown Defendant DOE Deputies. The Defendant COUNTY provided its individual employees and agents, including the Defendant DOE Deputies, with official badges and identification cards which

1 designated and described the bearers as employees of the Defendant COUNTY and
2 the Los Angeles County Sheriff's Department. At all times mentioned herein,
3 Defendant DOE Deputies were employed by the County of Los Angeles and the
4 Los Angeles County Sheriff's Department.
5      24.    At all times relevant to the acts and omissions herein alleged, the
6 Defendant DOE Deputies were employed by the Defendant COUNTY and the Los
7 Angeles County Sheriff's Department, and were acting under color of state law and
8 in the course and scope of their employment with the Defendant COUNTY and the
9 Los Angeles County Sheriff's Department.
10      25.    Between the approximate hours of 11:00 a.m. and 12:00 p.m., on July
11 25, 2019, on or around a residential property located at 1542 Sutherland Street, in
12 the city of Lancaster and County of Los Angeles, heretofore unknown Defendant
13 male DOE Deputies, while acting under color of state law and in the course and
14 scope of their employment with the Defendant COUNTY and the Los Angeles
15 County Sheriff's Department, executed a search warrant on the subjects residence.
16 Upon gaining entry, said male Defendant male DOE Deputies violently confronted
17 and detained JANE DOE, without having probable caused or reasonable suspicion
18 to believe that JANE DOE had committed any crime, or would commit a crime in
19 the future. When Defendant male DOE Deputies first made contact with JANE
20 DOE, JANE DOE was lawfully on the premises of her residence at 1524
21 Sutherland Street, had committed no criminal offense, and was not armed with any
22 kind of weapon. When Defendant DOE Deputies confronted and detained JANE
23 DOE as described herein, she was in the immediate presence of her birth daughter,
24 minor M.S., was nude, and not in possession of any kind of weapon. When
25 Defendant male DOE Deputies confronted JANE DOE as described herein, she
26 was plainly and obviously exhibiting signs of being on her menstrual cycle, and

clearly communicated this fact to the male Defendant DOE Deputies immediately after they gained entry into the interior of the subjects residence.

26. Without warning, Defendant male DOE Deputies proceeded to detain JANE DOE by violently confronting her with guns drawn, handcuffing her, and violently escorting her out the subject residence and onto the public street area without securing, or allowing JANE DOE to secure any form of sufficient clothing, protective outer wear, or feminine hygiene products.

27. Prior to exiting the residence, Defendant DOE Deputies used unreasonable force against JANE DOE by intentionally brandishing their firearms in an unreasonable manner at her, and deploying handcuffs on JANE DOE in an unreasonable manner that constituted excessive force, notwithstanding the fact that JANE DOE was not armed with any kind of weapon, was not the subject of the warrant, had committed no crime, and was not under suspicion for the commission of any crime, and plainly and obviously did not pose a threat of violence to any person.

28. At no time during the course of these events did Plaintiff JANE DOE pose any reasonable or credible threat of violence to Defendant DOE Deputies, nor did she do anything to justify the force used against her, and the same was excessive, unnecessary, and unlawful. Both prior to and during the time in which she was unlawfully stopped, detained seized, and battered, JANE DOE was not armed with any kind of weapon, posed no risk of violence to any sheriff's deputy, or did not have the will, nor the ability to inflict bodily harm against any individual. Both prior to and during the time in which she was unlawfully stopped, detained, seized, and assaulted and battered, JANE DOE had committed no criminal offense, was not resisting arrest nor obstructing the Defendant DOE Deputies in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a

reasonable sheriff's deputy that she had the will, or the ability to inflict bodily harm against any individual.

29. At all times mentioned herein, Defendant DOE Deputies acted under color and pretense of law, and under color of the statues, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY. Defendant DOE Deputies deprived Plaintiff JANE DOE of the rights, privileges, and immunities secured to her by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of her person.

30. Plaintiff JANE DOE had the right to be free from unreasonable governmental seizure of her person, a right which was secured to JANE DOE by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C § 1983. All of these interests were implicated by the wrongful conduct of Defendant DOE Deputies, which proximately caused physical, mental, and emotional injuries to JANE DOE.

31. The individual defendants named herein, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JANE DOE of her federally protected rights and privileges, and did in fact violate those rights and privileges, entitling JANE DOE to punitive and exemplary damages in an amount to be proven at the trial of this matter.

32. As a direct and proximate result of the aforementioned wrongful, intentional, and malicious acts and omissions of Defendant DOE Deputies, Plaintiff JANE DOE was placed in great fear for her life and physical well-being, and has suffered and continues to suffer extreme mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation,

indignity, embarrassment, and apprehension, all to her damage in a sum to be determined at trial. As a further proximate result of Defendant DOE Deputies wrongful, intentional, and malicious acts and omissions, JANE DOE has been required to employ, and did in fact employ physicians to examine, treat, and care for her, and has incurred and continues to incur expenses for emergent medical services and other medical treatment and care in an amount according to proof at trial.

33. Additionally, as a proximate cause of the embarrassment, humiliation, suffering, anguish, grief, shock, indignity, anger, abuse, shame, disgust, assault and battery by Defendant DOE Deputies, JANE DOE may require the services and treatment of mental health providers in an amount to be proven at trial.

34. Plaintiff JANE DOE has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations. JANE DOE is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C § 1988.

## FOR THE SECOND CAUSE OF ACTION

**(By Plaintiff JANE DOE Against All Defendants for Battery**
**[Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43])**

35. Plaintiff JANE DOE incorporates by reference the foregoing allegations.

36. All claims asserted herein against the Defendant COUNTY are presented pursuant to the COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code§§ 815.2 (a) and 820(a).

37. Between the approximate hours of 11:00 a.m. and 12:00 p.m., on July 25, 2019, on or around a residential property located at 1542 Sutherland Street, in the city of Lancaster and County of Los Angeles, heretofore unknown Defendant

DOE Deputies, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the Los Angeles County Sheriff's Department, executed a search warrant on the subjects residence. Upon gaining entry, said male Defendant DOE Deputies violently confronted and detained JANE DOE on the premises of her residence at 1524 Sutherland Street. JANE DOE had committed no criminal offense, and was not armed with any kind of weapon. When Defendant DOE Deputies confronted and detained JANE DOE as described herein, she was in the immediate presence of her birth daughter, M.S., was completely nude, and not in possession of any kind of weapon. When Defendant DOE Deputies confronted JANE DOE as described herein, she was plainly and obviously exhibiting signs of being on her menstrual cycle, and clearly communicated this fact to the male Defendant DOE Deputies immediately after they gained entry into the interior of the subjects residence.

38. Without warning, in a manner that shocks the conscience, Defendant DOE Deputies proceeded to detain JANE DOE by violently confronting her with guns drawn, and proceed to violently escort her out the subject residence and onto the public street area without securing, or allowing JANE DOE to secure any form of sufficient clothing, protective outer wear, or feminine hygiene products.

39. Without warning, Defendant DOE Deputies proceeded to unjustifiably batter Plaintiff JANE DOE by acts which included, but were not limited to, pulling JANE DOE onto the public streets, slamming JANE DOE down to the ground, placing their knees on JANE DOE's torso and using their hands to violently force JANE DOE's head into the ground, and restraining JANE DOE in a prone position with her legs hobbled in an unreasonably excessive manner. Throughout the time in which she was battered by Defendant DOE Deputies, JANE DOE was completely nude, was clearly and plainly exhibiting signs of her menstrual cycle, was in the immediate presence of her birth daughter, minor M.S., and not in

possession of any kind of weapon. Throughout the time in which she was assaulted and battered by Defendant DOE Deputies, JANE DOE had committed no criminal offense, was not legally detained, was not resisting the involved deputies, was not engaged in any actions which would have led a reasonable sheriff's deputy to believe that she had committed, or was about to commit, any criminal offense, and did not undertake any actions which would have led a reasonable sheriff's deputy to believe that she posed the risk of violence to any person.

40.    At no time during the course of these events did Plaintiff JANE DOE pose any reasonable or credible threat of violence to Defendant DOE Deputies, nor did she do anything to justify the force used against her, and the same was excessive, outrageous, unnecessary, and unlawful.

41.    Plaintiff JANE DOE is informed, believes, and thereupon alleges, that in assaulting and battering her, as described in the foregoing paragraphs of this Complaint, Defendant DOE Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JANE DOE of her protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant DOE Deputies in an amount to be proven at the trial of this matter.

42.    As a direct and proximate result of the aforementioned wrongful, intentional, and malicious acts and omissions of Defendant DOE Deputies, Plaintiff JANE DOE was placed in great fear for her life and physical well-being, and has suffered and continues to suffer extreme mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, all to her damage in a sum to be determined at trial.

43.     As a further proximate result of Defendant DOE Deputies wrongful, intentional, and malicious acts and omissions, JANE DOE has been required to employ, and did in fact employ physicians to examine, treat, and care for her, and has incurred and continues to incur expenses for medical services and other medical treatment and care in an amount according to proof at trial.

**FOR THE THIRD CAUSE OF ACTION**

**(By Plaintiffs JANE DOE and M.S., Against Defendant COUNTY OF LOS ANGELES and DOES 1 through 50 for Negligence and Negligent Infliction of Emotional Distress [Cal. Government Code §§ 815.2 (a), 820 (a)])**

44.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as it set forth in full at this point.

45.     All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

46.     Between the approximate hours of 11:00 a.m. and 12:00 p.m. on July 25, 2019, on or around a residential property located at 1542 Sutherland Street in the city of Lancaster, when the heretofore unknown Defendant DOE Deputies, while acting in the course and scope of their employment with the Defendant COUNTY and the Los Angeles County Sheriff's Department, executed a search warrant on the subject residence. During the execution of this warrant, multiple deputies armed with firearms, assault rifles, and shotguns, violently gained entry into the residence without issuing warnings that were reasonably calculated to put Plaintiffs on notice as to the reasons for their presence in the home. Upon gaining entry, said male Defendant DOE Deputies violently confronted JANE DOE,

without having probable cause or reasonable suspicion to believe that she had committed a crime, or would commit a crime in the future.

47. While Plaintiff JANE DOE was unclothed, and visibly nude, she was led outside the residence and into a public area while handcuffed and visibly bleeding from her menstrual cycle. Defendant DOE Deputies further used unreasonable force against JANE DOE by lying her down in prone position while handcuffed, visibly naked, and visibly bleeding from her menstrual cycle. during broad daylight, and in the presence of multiple male Defendant DOE Deputies, other residents, and passersby. Defendant DOE Deputies then proceeded to use excessive and unreasonable force by unreasonably hobbling JANE DOE's legs while she lay in a prone position while excessively and unreasonably handcuffed, visibly naked, and visibly bleeding from her menstrual cycle in broad daylight, and in the presence of multiple male Defendant DOE Deputies, other residents, and passersby. Thereafter, Defendant DOE Deputies conducted, or caused to be conducted, an unreasonable and unconstitutional strip search of JANE DOE, while she remained unreasonably restrained in a police vehicle.

48. All of the foregoing events were directly witnessed by Plaintiff's birth daughter, M.S., who was present at the residence and suffered severe emotional distress upon witnessing the manner in which her mother was treated by defendants.

49. At all times relevant to the events described herein, the involved Defendant Deputies had a duty to act reasonably, and in accordance with the reasonable and ordinary care which would be expected of similarly situated sheriff's deputies. In committing each of the acts and omissions herein described, the individual defendants' conduct fell below the national and local standards of care applicable to similarly situated law enforcement personnel, and the manner in which defendants executed the subject warrant, employed force, and failed to

undertake any reasonable efforts to secure the presence of a female deputy in direct contravention of written and unwritten training protocols, all fell below the standards of reasonable care within the law enforcement community.

50. As a proximate result of the above-described conduct of the Defendants, and each of them, Plaintiffs suffered extreme pain and severe mental anguish, as well as mental and physical damage to their minds and bodies.

51. As a further proximate result of the above-described conduct of the Defendants, and each of them, including DOES 1 through 50, Plaintiffs sustained the above-described injuries, and incurred expenses in an amount according to proof at trial.

## FOR THE FOURTH CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Intentional Infliction of Emotional Distress [Cal. Government Code §§ 815.2(a), 820(a)])**

52. Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

53. All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

54. The above conduct of the individual defendants was outrageous, and undertaken with reckless disregard of the probability that plaintiffs would suffer severe emotional distress.

55. As a direct and proximate result of the above-described acts and omissions of the Defendant DOE Deputies, and each of them, Plaintiffs have suffered severe emotional distress, great mental plain, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, and shock, all to their damage in a sum to be determined at trial.

## PRAYER

WHEREFORE, PLAINTIFFS JANE DOE, and M.S. pray for judgment against Defendants as follows:

1. For general damages in an amount to be determined according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For cost of suit incurred herein;
4. For punitive damages against the individual Defendants in an amount to be determined according to proof at trial;
5. For attorneys' fees and expert witness fees incurred herein;
6. For statutory damages as permitted by law; and
7. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

PLAINTIFFS hereby demand that a jury be empanelled for the trial of this matter.

DATED: March 24, 2020          Respectfully submitted,

                                              THE COCHRAN FIRM CALIFORNIA

                                              By:   /s/
                                                      BRIAN T. DUNN
                                                      Attorneys for Plaintiffs

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile