O

# United States District Court
# Central District of California

| | |
|---|---|
| JANE DOE, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>     Defendants. | Case № 2:20-cv-02748-ODW (PVCx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND TO MODIFY THE SCHEDULING ORDER [32]** |

## I. INTRODUCTION

Plaintiffs Jane Doe and her daughter, M.S., move to modify the Court's scheduling order to file a first amended complaint and add named defendants. (*See generally* Mot. to Modify Scheduling Order ("Motion" or "Mot."), ECF No. 32.) For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion.[1]

## II. BACKGROUND

In July 2019, Los Angeles Sheriff Department deputies executed a search warrant at Plaintiffs' residence, resulting in what Plaintiffs allege was an unauthorized and violent search. (Compl. ¶¶ 11–15, ECF No. 1.) In March 2020, Plaintiffs initiated this case alleging battery, negligent infliction of emotional distress, and violations of

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

42 U.S.C. § 1983. In the Scheduling and Case Management Order ("Scheduling Order") governing this action, the Court set September 20, 2021, as the deadline to hear motions to amend the pleadings or add parties. (Scheduling Order, ECF No. 26.) Plaintiffs now move to modify the Scheduling Order to extend the deadline to amend their Complaint and add five individual deputies involved in the incident as named defendants. (*See* Mot.)

### III.   LEGAL STANDARD

"[A]fter the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard" of Federal Rule of Civil Procedure ("Rule") 16(b)(4) before amendment will be permitted. *Neidermeyer v. Caldwell*, 718 F. App'x 485, 488 (9th Cir. 2017) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013)); *see also* Fed. R. Civ. P. 16(b)(4) (explaining that a scheduling order "may be modified only for good cause and with the judge's consent"). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (alteration in original). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*

Only where Rule 16's good cause standard is met must a court consider whether amendment is proper under Rule 15. *See id.* at 608. "The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States*, 715 F.3d at 737; *see also Johnson*, 975 F.2d at 610 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). "Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the

cavalier." *Johnson*, 975 F.2d at 610. "Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15." *Id.*

### IV.   DISCUSSION

On August 25, 2021, Plaintiffs moved to modify the Scheduling Order, necessitating a hearing date no sooner than September 27, 2021, per the local rule requirement that notice of a motion is filed not later than twenty-eight days before the date set for hearing. (Mot. 2); C.D. Cal. L.R. 6-1. However, to be timely per the Scheduling Order, the Motion needed to be heard by September 20, 2021—one week earlier. (Scheduling Order 24.) Thus, as Plaintiffs filed the Motion after the deadline, they must first show good cause to modify the Scheduling Order before they may seek leave to amend the Complaint.

**A.   Rule 16**

Plaintiffs argue good cause exists to modify the Scheduling Order because they only recently learned the individual deputies' identities before filing this Motion. (Mot. 4–5.) In opposition, Defendants contend that they provided Plaintiffs with documents identifying the involved deputies as part of a document production two months earlier, on June 21, 2021, and then again in their initial disclosures on July 9, 2021. (Opp'n Mot. ("Opp'n") 2–3, 7, ECF No. 33.) Under Rule 16, the diligence inquiry focuses on "the moving party's reasons for seeking modification," not on the party's efforts in determining whether modification or amendment is required. *Johnson*, 975 F.2d at 609. Considering Plaintiffs' diligence and reasons for seeking amendment, the Court finds that Plaintiffs have demonstrated good cause to modify the Scheduling Order.

First, Plaintiffs have shown that they were unaware of the identities until they reviewed the initial disclosure. Defendants' cited exhibit is unclear as to whether the deputies were identified in the June 21, 2021 document production. (Decl. of Laura E. Inlow ("Inlow Decl.") ¶ 4, Ex. B ("Resps. Req. Produc. Docs."), ECF No. 33-2.) The July 9, 2021 initial disclosure lists the five deputies Plaintiffs seek to add among twenty-

three witnesses who may have knowledge of the subject incident. (Inlow Decl., Ex. C ("Initial Disclosure") 2–4, No. 33-4.) Of these twenty-three witnesses, seventeen are law enforcement officers. (*Id.*) Thus, although Plaintiffs had the names of the relevant individuals at least one month before the Scheduling Order deadline, Plaintiffs needed a reasonable amount of time to determine which of the law enforcement officers should be named as defendants in this action. Indeed, Plaintiffs contend that there was no way to determine who they should name as defendants based on the vague descriptors in the initial disclosure. (Reply 4, ECF No. 34.) Plaintiffs' counsel attests that he discovered the extent to which the deputies were involved in the incident only upon completing his review of Defendants' document and video production on August 23, 2021. (*Id.* at 6.)

Additionally, the Court finds the time between Plaintiffs receiving discovery and moving for leave to amend was relatively short and consistent with Plaintiffs' diligent review of relevant information. This finding is aligned with this Court's precedent. *See Wagner v. S. Cal. Edison Co.,* No. 2:16-cv-06259-ODW (PLAx), 2017 WL 10543557, at *2 (C.D. Cal. July 28, 2017) (noting two months between discovery production and the plaintiff's motion for leave to amend was "relatively little delay"). Plaintiffs did not cause undue delay or know the identities of the five deputies at the time when filing the original Complaint. This is unlike cases in which the plaintiffs could have discovered the relevant information long before the scheduling order deadline. *See Legaspi v. JHPDE Fin. I, LLC*, No. 2:20-cv-02945-ODW (SKx), 2021 WL 1979033, at *2 (C.D. Cal., May 18, 2021) (denying the plaintiff's request for leave to amend because the facts the plaintiff claimed to have learned through discovery after the scheduling order deadline were discoverable at the inception of the suit); *Pasha v. Viscosi*, No. 2:19-cv-05672-ODW (AGRx), 2020 WL 586821, at *3 (C.D. Cal. Feb. 5, 2020) (denying leave to amend because the plaintiff had access to the pertinent facts for five and a half years but failed to seek leave before the scheduling order deadline).

Although Plaintiffs focus inordinately on the premature Rule 15(a) standard in their papers, they have nevertheless shown that their one-week delay was caused by a

diligent review of discovery materials over a relatively short amount of time, satisfying the Rule 16 good cause requirement.

**B.     Rule 15**

The Court proceeds to its Rule 15 analysis to determine whether to grant leave for Plaintiffs to add five law enforcement officers. (*See* Mot. 5.) Courts must allow parties to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15. Courts in the Ninth Circuit consider five factors in a Rule 15 analysis: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *In re W. States*, 715 F.3d at 738. These factors must be applied with "extreme liberality" favoring amendment. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Under Rule 15, the party opposing amendment "bears the burden of showing why amendment should not be granted." *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1192 (C.D. Cal. 2009). Here, Defendants attempt to show the amendment should not be granted according to the third and fourth Rule 15 factors but fail to meet their burden.

Defendants contend that the newly named defendant deputies would be severely prejudiced if Plaintiffs are permitted to add them to this action. (Opp'n 7.) However, as Plaintiffs point out, the minimal delay of a one-week extension would not prejudice the new defendants, especially because the discovery cutoff date is approximately ten months after the date of the motion hearing, and the trial is over a year away. *See Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) ("[A] court evaluates prejudice in terms of, *e.g.*, whether discovery cut-offs have passed [and] how close trial is.").

Defendants also argue that the amendment would be futile because the statute of limitations has run on Plaintiffs' 42 U.S.C. § 1983 claims. (Opp'n 7.) Defendants' futility argument fails because Plaintiffs' proposed amendment relates back to their original complaint. A claim asserted against a defendant after the statute of limitations has expired will, in certain circumstances, relate back to the prior timely complaint and thus be deemed timely as well. Fed. R. Civ. P. 15(c)(1). Rule 15(c)(1) utilizes the state

law relation back rules when (1) that state's law provides the applicable statute of limitations and (2) is more lenient. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014). The general purpose of the Federal Rules of Civil Procedure is "to minimize technical obstacles to a determination of the controversy on its merits." *Id.* (quoting *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1502 (9th Cir.1994). Deferring to the more permissive law—whether state or federal—serves this purpose. *Id.*

In this case, California's relation back rules apply. First, federal courts apply the forum state's statute of limitations for § 1983 actions. *Alameda Books, Inc. v. County of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) (applying the California statute of limitations to a § 1983 claim); *see also Cervantes v. Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 1129154, at *19 (S.D. Cal. Mar. 12, 2019) (gathering cases for the proposition that "[c]ourts apply [California Code] Section 474 to allow a plaintiff to substitute a fictional 'Doe' defendant in Section 1983 suits").

Second, California's relation back rules are more lenient than the federal rules. Where, as here, "an amendment does not add a 'new' defendant, but simply corrects a misnomer by which an 'old' defendant was sued, [California] case law recognizes an exception to the general rule of no relation back." *Butler*, 766 F.3d at 1201; *see also Shidler v. County of San Bernardino*, No. 5:19-CV-00503-AB-SHK, 2020 WL 10224752, at *3 (C.D. Cal. July 28, 2020) (applying this exception to allow plaintiff to name individuals in place of doe defendants in a § 1983 action). For the exception to apply, Plaintiffs must have been "genuinely ignorant of the defendant's identity at the time the original complaint was filed." *Butler*, 766 F.3d at 1202. Here, Plaintiffs were genuinely ignorant of Doe Defendants' identities at the time the original Complaint was filed, as they did not learn the identities until they reviewed Defendants' initial disclosure. (Reply 6.) The exception therefore applies in this case and renders California's relation back rules as more lenient than their federal counterparts.

Accordingly, California's relation back rules govern and relate the proposed amendment to the original complaint.

The Court therefore concludes that Plaintiffs' amendments are not barred by the statute of limitations and, thus, are not futile. Finally, although Defendants contend that allowing the substitution of individuals in place of Doe Defendants would violate the notice requirements of Rule 15(c)(1)(C), "[u]nder California relation back rules, there is no notice-to-defendants requirement as in the federal rule." *Merritt v. County of Los Angeles*, 875 F2d 765, 768 (9th Cir. 1989). Accordingly, the Court **GRANTS** Plaintiffs' Motion to Modify the Scheduling Order to file an amended complaint, adding the newly named defendants to this action.

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion. (ECF No. 32.) The Scheduling Order is hereby modified for the sole purpose of deeming timely Plaintiffs' request to amend. Plaintiffs may file their amended complaint within **three days**, or Plaintiffs' amended complaint, submitted as an exhibit to the Motion, shall be deemed filed as of the date of this order. Defendants shall have **fourteen days** from the submission of the amended complaint to answer or otherwise respond.

**IT IS SO ORDERED.**

November 18, 2021

            OTIS D. WRIGHT, II
     UNITED STATES DISTRICT JUDGE